IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CONNIE JAMISON,<br><br>Plaintiff,<br><br>v.<br><br>NCC BUSINESS SERVICES, INC.,<br><br>Serve at:<br>Registered Agent Solutions, Inc.<br>901 S. 2nd Street #201<br>Springfield, IL 62704<br><br>Defendant. | Case No.<br><br><br><br><br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

COMES NOW Plaintiff Connie Jamison ("Plaintiff") and states as follows:

### INTRODUCTION

1. This is an action for actual and statutory damages brought to the Court by an individual consumer for violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

2. Plaintiff demands a trial by jury on all issues so triable.

### JURISDICTION

3. This Court has federal question jurisdiction of this FDCPA matter under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331 because this is a "civil action arising under the.. Laws… of the United States." The entirety of Defendant's challenged collectio n activity was directed to Plaintiff at her residence in Madison County, Illinois located within the Southern

District of Illinois.  Plaintiff suffered the harms described herein in this District.  Venue is also proper in this District for this reason.

## PARTIES

4. Plaintiff is a natural person currently residing in Madison County, Illinois. Plaintiff is a "consumer" within the meaning of the FDCPA.

5. The alleged debt Plaintiff owes arises out of consumer, family, and household transactions.  Specifically, the alleged debt arose from a residential lease that Plaintiff entered into with Idlewood Estates Apartments.

6. Plaintiff has a bona-fide dispute as to the amount of the debt; she was never late on rent and left the apartment in excellent condition.  The debt is the result of an overtly absurd charge in excess of $5,000 for cabinet repair.  There was no such cabinet repair.

7. Defendant NCC Business Services, Inc. ("NCC") is a corporation with its principal place of business located in Florida.

8. The principal business purpose of NCC is the collection of debts nationwide and in this District; NCC regularly attempts to collect debts alleged to be due to another entity.

9. NCC is engaged in the collection of debts from consumers through means of using mail and telephone.  NCC is a "debt collector" as defined by the FDCPA. 15 U.S.C. § 1692a(6).

## FACTS

10. On October 18, 2016, a date within the initial thirty days from the first collection communication between Plaintiff and NCC, Plaintiff hired an attorney to represent her with respect to the subject debt.

11. On that date, the attorney sent a detailed dispute of the debt in writing to NCC and demanded that NCC validate the debt.

12. In October of 2017, nearly a year later, NCC simply resumed collection activity on the debt despite Plaintiff's dispute and notwithstanding NCC's failure to resolve the dispute.

13. NCC resumed collection activity on the debt after sending Plaintiff's attorney a copy of Plaintiff's rental agreement. The rental agreement failed to provide, anywhere, that Plaintiff could ever be responsible for more than $5,000 in cabinetry expenses, for example. The rental agreement failed to specify any procedure whereby Plaintiff could owe anything at the termination of her lease for anything other than missed lease payments, and Plaintiff paid all of her lease payments.

14. Thus, NCC, at least by October of 2017 knew or should have known that the debt was a scam and that Plaintiff did not owe it.

15. Nonetheless, NCC, in November of 2017, resumed collection of the debt at issue.

16. NCC started actively credit reported the debt as an undisputed collection item even though it knew Plaintiff actively disputed the debt.

17. NCC's collection tactics have caused damage to Plaintiff's credit score.

18. NCC's collection tactics have caused Plaintiff to pay for and incur attorneys' fees.

19. NCC's behavior in connection with its collection tactics was unprofessional, wrongful, harassing, and intended by NCC to oppress and intimidate Plaintiff into both abandoning her dispute rights and paying an illusory debt.

20. Furthermore, NCC's above-described conduct caused Plaintiff to suffer the following additional injuries in fact:

    a. Plaintiff has been deprived of her statutorily created right to truthful information about the debt; NCC grossly inflated the amount of the debt, made it appear that the debt was not of the type that Plaintiff could dispute, and that the debt was not the type for which Plaintiff could retain counsel; and

    b. Plaintiff was deprived of her statutory right to have debt collection efforts cease upon her proper dispute of the debt at issue.

21. The injuries, in fact, are fairly traceable to the challenged actions of NCC, in that NCC engaged in the telephone conversation with Plaintiff.

22. Plaintiff's injuries, in fact, are likely to be redressed by a favorable decision in this Court.

## COUNT I: VIOLATION OF THE FDCPA

23. Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

24. In its attempts to collect the alleged debt from Plaintiff, NCC committed violations of the FDCPA, 15 U.S.C. § 1692 et seq., including, but not limited to, the following:

    a. Falsely representing the character, amount, or legal status of the alleged debt, specifically overstating the amount of the debt, by representing that Plaintiff had no right to dispute the debt, and by misrepresenting the debt as non-disputed to the credit bureaus, 15 U.S.C. § 1692e;

    b. Engaging in false, harassing, and abusive behavior in connection with the collection of the subject debt, 15 U.S.C. § 1692d-f; and

    c. Overshadowing and ignoring Plaintiff's dispute rights such that NCC attempted to collect the debt from Plaintiff while the dispute remained pending.  15 U.S.C. § 1692g.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against NCC for:

A.  Judgment that NCC's conduct violated the FDCPA;

B.  Actual damages in an amount to be determined by the jury;

C.  Statutory damages, costs, and reasonable attorney's fees pursuant to 15 U.S.C. § 1692(k); and

D.  For such other relief as the Court may deem just and proper.

**Ross & Voytas, LLC**

/s/ Richard A. Voytas, Jr.

_____
Richard A. Voytas, Jr, #6279483 IL
rick@rossvoytas.com
12444 Powerscourt Drive, Ste 370
St. Louis, MO 63131
Phone: (314) 394-0605
Fax:    (636) 333-1212

Attorneys for Plaintiff Connie Jamison